Joshua G. Simon, Bar No. 264714
  jsimon@calljensen.com
Jeffrey M. David, Bar No. 265503
  jdavid@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000

Attorneys for Plaintiff Össur Americas, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ÖSSUR AMERICAS INC., a California corporation, | Case No.  8:23-cv-2454 |
| Plaintiff, | **COMPLAINT OF PLAINTIFF ÖSSUR AMERICAS, INC.** |
| vs. | **DEMAND FOR JURY TRIAL** |
| SIGURÐUR ÁSGEIRSSON; SIGGI TECH LLC, a California limited liability company; SB1 CONSULTING LLC, a California limited liability company, and DOES 1 through 10, inclusive, | |
| Defendants. | |
| | Complaint Filed:   December 22, 2023<br>Trial Date:           None Set |

OSS01-06:3794057_4:12-22-23

COMPLAINT OF PLAINTIFF ÖSSUR AMERICAS, INC.

Plaintiff Össur Americas, Inc. ("ÖAI") alleges as follows:

## I.  PARTIES

1.      ÖAI sells and distributes durable medical equipment, or DME, on behalf of Össur hf. ÖAI is a California corporation with a principal place of business in Irvine, California.

2.      Defendant Sigurður Ásgeirsson is an individual who lives in Trabuco Canyon, CA 92679.

3.      Defendant SB1 Consulting, LLC is a California limited liability company with a principal office located at 28572 Camelback Rd., Trabuco Canyon, CA 92679.

4.      Defendant Siggi Tech LLC is a California limited liability company with a principal office located at 28572 Camelback Rd., Trabuco Canyon, CA 92679.

5.      ÖAI is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. ÖAI will amend this complaint to allege their true names and capacities when ascertained. ÖAI is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged.

## II. JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this case because of ÖAI's claim under the Defend Trade Secrets Act.

7.      This Court has personal jurisdiction over this case because Ásgeirsson, SB1 Consulting, and Siggi Tech are all located in Orange County, CA.

## III.    FACTUAL ALLEGATIONS

8.      In 1994, Defendant Ásgeirsson was hired by Össur hf as a machinist. Össur hf is an Icelandic company that is a leading global provider of innovative mobility solutions that help people live a better life. Its founder, Icelandic prosthetist Össur Kristinsson, developed a breakthrough silicone interface for prosthetic sockets which

has led to the research and development of over 2,000 patents, award-winning designs, and successful clinical outcomes.

9.      On October 26, 2009, Ásgeirsson was secunded to ÖAI, where, as an Össur hf employee, he worked as an Engineer. In 2013, his secundment was extended and he was given a raise. He continued working at ÖAI while employed by Össur hf through 2018.

10.     On February 19, 2018, Ásgeirsson was hired directly by ÖAI as its Director of Prototyping Prosthetics and his employment with Össur hf ended. During his employment, Ásgeirsson worked extensively with ÖAI's proprietary manufacturing technologies, processes, instruments, designs, formulas, practices, molds, methods, and 3D printing of silicon polymers that are generally not known or evident outside of Össur (hereinafter, collectively referred to as ÖAI's proprietary "Silicon Polymers").

11.     On September 2, 2019, Ásgeirsson asked ÖAI for permission to work with other companies "with the purpose of enhancing and strengthening [ÖAI]'s R&D infrastructure." He proposed entering into confidential development and production agreements with third parties to exploit ÖAI's Silicon Polymers.

12.     Ásgeirsson was not simply motivated by his interest in ÖAI's success, however. He wanted to personally benefit as well.

13.     Ásgeirsson sought to monetize ÖAI's Silicon Polymers for his own benefit by identifying companies who might have an interest in the technology and using the technology as an independent contractor.

14.     Given Ásgeirsson's pivotal role, ÖAI could not immediately refuse Ásgeirsson entirely despite his impudence and implied threat. It considered whether or not it might license ÖAI's Silicon Polymers to Ásgeirsson or interested companies under several conditions related to protecting its technology and maintaining confidentiality.

15.     If it were to indulge Ásgeirsson, ÖAI would have also required Ásgeirsson disclose to ÖAI all of his conversations with possible partners and obtain authorization

from ÖAI to continue with the NDA. Following Ásgeirsson's preliminary discussions, ÖAI would have taken over negotiations with the possible partners.

16.    That was not enough for Ásgeirsson. He had intended to prepare prototypes for the possible partners at ÖAI itself, using its facilities and resources, and keeping 10% of the costs of the prototype project, charged to the possible partner, for himself.

17.    He also proposed keeping 5-10% of the compensation relating to the development process.

18.    Finally, he proposed splitting royalties derived from a fully realized relationship equally, 50/50.

19.    Ultimately, however, ÖAI did not agree to Ásgeirsson's terms, and no contract was ever signed. Ásgeirsson was never given permission to market ÖAI's Silicon Polymers. ÖAI then reminded Ásgeirsson of the confidentiality obligations he owed to ÖAI and of the fact that ÖAI owned the technology and processes at issue. It even showed him the employee handbook he signed that enumerated his obligations.

20.    However, that did not stop Ásgeirsson. Ásgeirsson rejected his confidentiality obligations and ÖAI's rights to the technology and even told ÖAI employees he threatened to steal ÖAI's Silicon Polymers and monetize it for himself. Despite his threat, ÖAI continued to work with Ásgeirsson and ultimately believed it had reached an acceptable status quo with him.

21.    On January 17, 2020 Ásgeirsson formed Defendant SB1 Consulting.

22.    Shortly thereafter, on February 10, 2020, Ásgeirsson formed Defendant Siggi Tech.

23.    Upon information and belief, ÖAI believes SB1 Consulting and Siggi Tech were both formed to enable Ásgeirsson to profit off ÖAI's Silicon Polymers.

24.    Unknown to ÖAI, and while he was in discussion with ÖAI about his proposal, Ásgeirsson set about taking advantage of ÖAI's Silicon Polymers.

25.     On or about May 2019, Ásgeirsson was introduced to representatives of Allergan/AbbVie. In August 2019, they met, and by December 2019, without ÖAI's knowledge or authorization, Ásgeirsson and Allergan/AbbVie had a draft broker agreement in place for ÖAI's technology, even though Ásgeirsson knew he had no underlying agreement with ÖAI. Without ÖAI's knowledge or authorization, Ásgeirsson specifically marketed ÖAI's Silicon Polymers to Allergan/AbbVie for the production of breast implants and issue expanders.

26.     On August 27, 2021, without ÖAI's knowledge or authorization, Allergan/AbbVie entered into a Feasibility Agreement with SB1 Consulting for $82,500 in which SB1 Consulting would offer proof of concept using unlicensed ÖAI's Silicon Polymers, which technology Ásgeirsson knew ÖAI kept as a trade secret.

27.     On October 6, 2022, without ÖAI's knowledge or authorization, SB1 Consulting offered a $119,100 Project Estimate for further application of ÖAI's Silicon Polymers.

28.     Ásgeirsson also prepared a proposal using SB1 Consulting for Sientra, a breast augmentation and reconstruction company. Without ÖAI's knowledge or authorization, Ásgeirsson proposed a project to demonstrate ÖAI's Silicon Polymers (which, again, was ÖAI's and not his) for $375,000 in approximately December 2021. Later, without ÖAI's knowledge or authorization, he prepared a "Stage 1" project priced at $3,958,746.

29.     Without ÖAI's knowledge or authorization, Ásgeirsson reached out to both Implantech and ProMed Pharma to execute non-disclosure agreements in the first step of his attempting to market ÖAI's Silicon Polymers to each company.

30.     On May 7, 2020, without ÖAI's knowledge or authorization, Ásgeirsson and SB1 Consulting entered into a nondisclosure agreement to discuss the use of ÖAI's Silicon Polymers to make mouth guards for football players.

31.     On April 2, 2020, without ÖAI's knowledge or authorization, Siggi Tech entered into a business arrangement with Howard Leight in which it would prepare a machine for ear plug mold production for $445,600, using ÖAI's Silicon Polymers.

32.     In June 2020 and May 2022, without ÖAI's knowledge or authorization, Siggit Tech and Nusil Technology, LLC entered into non-disclosure agreements relating to ÖAI's Silicon Polymers.

**FIRST CAUSE OF ACTION**

**(Violation of the Defending Trade Secrets Act)**

33.     ÖAI re-alleges each and every allegation in paragraphs 1 through 32, inclusive, and incorporates them by this reference as though fully set forth herein.

34.     ÖAI owned its Silicon 3D Printing Technology and/or Methods.

35.     ÖAI's Silicon Polymers was a trade secret at the time of the misappropriation.

36.     Ásgeirsson, SB1 Consulting, and Siggi Tech improperly used the trade secrets.

37.     ÖAI was harmed and Ásgeirsson, SB1 Consulting, and Siggi Tech were unjustly enriched.

38.     Ásgeirsson, SB1 Consulting, and Siggi Tech's use of the trade secrets was a substantial factor in causing ÖAI's harm and their unjust enrichment.

**SECOND CAUSE OF ACTION**

**(Breach of Duty of Loyalty)**

39.     ÖAI re-alleges each and every allegation in paragraphs 1 through 32, inclusive, and incorporates them by this reference as though fully set forth herein.

40.     Ásgeirsson was ÖAI's corporate officer.

41.     Ásgeirsson knowingly acted against ÖAI's interests in connection with his confidentiality obligations relating to ÖAI's Silicon Polymers and with the use of the technology, itself.

42.     ÖAI did not give informed consent to Ásgeirsson's conduct.

COMPLAINT OF PLAINTIFF ÖSSUR AMERICAS, INC.

43.    ÖAI was harmed.

44.    Ásgeirsson's conduct was a substantial factor in causing ÖAI's harm.

### THIRD CAUSE OF ACTION

### (Aiding and Abetting Breach of Duty of Loyalty)

45.    ÖAI re-alleges each and every allegation in paragraphs 1 through 32, inclusive, and incorporates them by this reference as though fully set forth herein.

46.    Ásgeirsson owed a fiduciary duty to ÖAI.

47.    SB1 Consulting and Siggi Tech knew Ásgeirsson owed a fiduciary duty to ÖAI.

48.    SB1 Consulting and Siggi Tech substantially assisted Ásgeirsson in breaching his fiduciary duty by facilitating contractual relationships with numerous third parties, including Allergan/AbbVie, Sientra, Implantech, Hanson Grrop, Howard Leight, ProMed Pharma, and Nusil/Avantor that centered on ÖAI's trade secrets, including but not limited to ÖAI's Silicon Polymers.

49.    ÖAI was harmed.

50.    SB1 Consulting and Siggi Tech's conduct was a substantial factor in causing ÖAI's harm.

### FOURTH CAUSE OF ACTION

### (Breach of Duty of Confidentiality)

51.    ÖAI re-alleges each and every allegation in paragraphs 1 through 32, inclusive, and incorporates them by this reference as though fully set forth herein.

52.    Ásgeirsson was ÖAI's corporate officer.

53.    Ásgeirsson had information relating to ÖAI that he knew or should have known was confidential.

54.    Ásgeirsson used ÖAI's confidential information for his own benefit.

55.    ÖAI did not give informed consent to Ásgeirsson's conduct.

56.    The confidential information was not a matter of general knowledge.

57.    ÖAI was harmed.

58.     Ásgeirsson's conduct was a substantial factor in causing ÖAI's harm.

## FIFTH CAUSE OF ACTION

### (Aiding and Abetting Breach of Duty of Confidentiality)

59.     ÖAI re-alleges each and every allegation in paragraphs 1 through 32, inclusive, and incorporates them by this reference as though fully set forth herein.

60.     Ásgeirsson owed a fiduciary duty to ÖAI.

61.     SB1 Consulting and Siggi Tech knew Ásgeirsson owed a fiduciary duty to ÖAI.

62.     SB1 Consulting and Siggi Tech substantially assisted Ásgeirsson in breaching his fiduciary duty by facilitating contractual relationships with numerous third parties, including Allergan/AbbVie, Sientra, Implantech, Hanson Grrop, Howard Leight, ProMed Pharma, and Nusil/Avantor that centered on ÖAI's trade secrets, including but not limited to ÖAI's Silicon Polymers.

63.     ÖAI was harmed.

64.     SB1 Consulting and Siggi Tech's conduct was a substantial factor in causing ÖAI's harm.

## SIXTH CAUSE OF ACTION

### (Intentional Misrepresentation)

65.     ÖAI re-alleges each and every allegation in paragraphs 1 through 32, inclusive, and incorporates them by this reference as though fully set forth herein.

66.     Ásgeirsson, SB1 Consulting and Siggi Tech represented to ÖAI that they would only share ÖAI's Silicon Polymers with potential third party partners in furtherance of ÖAI and Ásgeirsson, SB1 Consulting and Siggi Tech's agreement to develop additional applications of the technology for their mutual benefit.

67.     Ásgeirsson, SB1 Consulting and Siggi Tech's representation was false.

68.     Ásgeirsson, SB1 Consulting and Siggi Tech either knew that the representation was false when they made it, or they made the representation recklessly and without regard for its truth.

CALL & JENSEN

69.    Ásgeirsson, SB1 Consulting and Siggi Tech intended ÖAI to rely on the representation.

70.    ÖAI reasonably relied on Ásgeirsson, SB1 Consulting and Siggi Tech's representation.

71.    ÖAI was harmed.

72.    ÖAI's reliance on Ásgeirsson, SB1 Consulting and Siggi Tech's representation was a substantial factor in causing ÖAI's harm.

73.    ÖAI is informed and believes and, based thereon, alleges that in committing the acts described above, Ásgeirsson, SB1 Consulting and Siggi Tech are guilty of malice, oppression and/or fraud, including that they acted with a conscious disregard of ÖAI's rights, under California Civil Code section 3294, entitling ÖAI to punitive damages in an amount appropriate to punish and discourage similar conduct in the future.

## SEVENTH CAUSE OF ACTION

### (Concealment)

74.    ÖAI re-alleges each and every allegation in paragraphs 1 through 32, inclusive, and incorporates them by this reference as though fully set forth herein.

75.    Ásgeirsson, SB1 Consulting and Siggi Tech intentionally failed to disclose that he was pursuing partnerships with third parties to exploit ÖAI's Silicon Polymers.

76.    ÖAI did not know of the concealed fact until on or about October 19, 2022, when ÖAI conducted a network audit on Ásgeirsson's account when it detected Ásgeirsson improperly accessing files.

77.    Ásgeirsson, SB1 Consulting and Siggi Tech intended to deceive ÖAI by concealing the facts.

78.    Had the omitted information been disclosed, ÖAI reasonably would have behaved differently.

79.    ÖAI was harmed.



80.    Ásgeirsson, SB1 Consulting and Siggi Tech's concealment was a substantial factor in causing ÖAI's harm.

81.    ÖAI is informed and believes and, based thereon, alleges that in committing the acts described above, Ásgeirsson, SB1 Consulting and Siggi Tech are guilty of malice, oppression and/or fraud, including that they acted with a conscious disregard of ÖAI's rights, under California Civil Code section 3294, entitling ÖAI to punitive damages in an amount appropriate to punish and discourage similar conduct in the future.

## EIGHTH CAUSE OF ACTION

### (For Violation of Business & Professions Code §§ 17200 *et seq.*)

82.    ÖAI re-alleges each and every allegation in paragraphs 1 through 32, inclusive, and incorporates them by this reference as though fully set forth herein.

83.    SB1 Consulting and Siggi Tech's conduct constitutes "unfair" business practices because, as alleged above, SB1 Consulting and Siggi Tech engaged in immoral, unethical, oppressive, and unscrupulous behavior that offends California public policy against interfering with contracts.

84.    SB1 Consulting and Siggi Tech's conduct also constitutes "unfair" business practices because it was substantially injurious to customers who subsequently paid more than they otherwise would have for the same services.

85.    The harm to ÖAI outweighs the utility of SB1 Consulting and Siggi Tech's business practices. There were reasonably available alternatives to further SB1 Consulting and Siggi Tech's legitimate business interests other than the unfair conduct they engaged in.

## PRAYER FOR RELIEF

**WHEREFORE**, ÖAI prays for judgment against Ásgeirsson, SB1 Consulting, and Siggi Tech as follows:

## FOR ALL CAUSES OF ACTION

1.    For compensatory damages in an amount according to proof;



2.    For special and consequential damages in an amount according to proof;

3.    For interest as allowed by law on all sums awarded to Plaintiff;

4.    For restitution and disgorgement of all value obtained by Defendants through their wrongful conduct, and/or as a result of their unjust enrichment;

5.    For costs of suit; and

6.    For any and all relief the court may deem just and proper.

### **FOR ITS SIXTH AND SEVENTH CAUSES OF ACTION**

7.    In addition to the relief sought in paragraphs 1-6, for punitive damages in an amount according to proof.

Dated:  December 22, 2023

CALL & JENSEN
A Professional Corporation
Joshua G. Simon
Jeffrey M. David


By: */s/ Jeffrey M. David*
       Jeffrey M. David

Attorneys for Plaintiff Ossur Americas Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated:  December 22, 2023          CALL & JENSEN
                                   A Professional Corporation
                                   Joshua G. Simon
                                   Jeffrey M. David


                                   By: */s/ Jeffrey M. David*
                                       Jeffrey M. David

                                   Attorneys for Plaintiff Ossur Americas Inc.